UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MR. WOOD CUSTOM FLOORS, INC.,
individually and as representative of a
class of similarly-situated persons,

Plaintiff,

v.

CFN CAPITAL LLC, doing business as
Capital Funds Network, LLC
and CapitalFundsNetwork, and
JOHN DOES 1-5,

Defendants.
_____/

## CLASS ACTION COMPLAINT

Plaintiff, MR. WOOD CUSTOM FLOORS, INC., individually and on behalf of all others similarly situated, brings this action, and except as to those allegations pertaining to itself, which are based on personal knowledge, alleges the following upon information and belief against Defendants, CFN CAPITAL LLC ("CFN"), doing business as Capital Funds Network, LLC and CapitalFundsNetwork, and JOHN DOES 1-5:

### Preliminary Statement

1. This action addresses Defendants' practice of sending unsolicited fax advertisements in violation of: (a) the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005 and the regulations promulgated thereunder (collectively, the "Act"), and (b) the common law.

2. The Act prohibits sending unsolicited fax advertisements unless specific requirements are satisfied, and provides a private right of action for injunctive relief and statutory damages of $500.00 *per* violation, which may be trebled upon a finding of a willful or knowing violation.

3. Unlike other forms of advertising, fax advertisements impose undue costs on recipients. For instance, aside from the wear and tear to a fax machine and the use of its ink toner and paper, a fax line may be occupied during periods of time and unable to process other communications. The advertisements also intrude on recipients' privacy rights and disrupt their attention, requiring labor to review and dispose. Plaintiff and others similarly situated are unable to protect themselves from such intrusions, as fax machines are left on and ready to receive important communications. The Act is designed to protect Plaintiff and others similarly situated from such intrusions.

4. Based on the July 22, 2015 fax to Plaintiff reproduced below, and on publicly-available information—including the matter of *Barron's Outfitters, Inc. v. CFN Capital, LLC d/b/a Capital Funds Network, LLC*, Case No. 3:14-cv-02073, in the U.S. District Court for the District of South Carolina—Plaintiff believes that Defendant CFN has an ongoing practice of sending unsolicited fax advertisements promoting its goods and services to Plaintiff and others similarly situated, and that its conduct is willful and knowing, prompted by its officers, managers and/or members (John Does 1-5), who are personally liable because they directly participated in and/or authorized sending the subject faxes.

5. This action is based upon a common nucleus of operative facts, as it is believed that the faxes at issue were and are being originated in the same or similar manner, thus supporting the same legal theories. The action seeks: (i) relief enjoining Defendant CFN, its affiliates, officers, agents, servants, employees, and attorneys, and all persons who are in active concert or participation with them, from sending unsolicited fax advertisements in violation of the Act; (ii) an award of statutory damages in the amount of $500.00 per violation, and to have such damages trebled, as provided in the Act, and/or (iii) common law damages.

**Jurisdiction and Venue**

6. The Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action asserts a

claim that arises under a law of the United States—*i.e.*, the Act.  Furthermore, under 28 U.S.C. § 1367, the Court has supplemental jurisdiction over all other asserted claims because they are so related to the claim that arises under the Act that they form part of the same case or controversy under Article III of the United States Constitution.

7. Defendants:  (i) are engaged in substantial and not isolated activity within Florida; (ii) operate, conduct, engage in, or carry on a business or business venture in Florida; (iii) committed a tortious act within Florida; and/or, (iv) caused injury to persons or property within Florida arising out of an act or omission outside this state, while at or about the time of the injury, were engaged in solicitation within Florida.

8. In accordance with 28 U.S.C. § 1391, venue is proper in this judicial district, where (i) Defendants are subject to the Court's personal jurisdiction with respect to this action and thus reside; and/or, (ii) a substantial part of the events giving rise to the claims—*e.g.*, Plaintiff's receipt of the Fax—occurred herein.

### Parties

9. Plaintiff is a Florida corporation with its principal place of business located in Miami-Dade County, Florida.

10. Defendant CFN is a limited liability company doing business in Florida, with its principal place of business located in Memphis, Tennessee.  Upon information and belief, Defendant CFN advertises and sells goods and services related to loans throughout the United States, including Florida, and is the sender of unsolicited faxes advertising those goods and services to Plaintiff and others similarly situated throughout the United States.  Defendant CFN has profited by, and received the benefits of, this type of advertising of its goods and services.

11. John Does 1-5 are Defendant CFN's officers, managers and/or members, who are personally liable for the conduct at issue because they directly participated in and/or authorized sending the

subject faxes.

## Facts

12. Defendant CFN is the sender of the July 22, 2015 Fax to Plaintiff reproduced below:

TO: 13057586322                                                                                   07/22/15 07:21 Pg 1 of 1

**GROW YOUR BUSINESS**
**PRE-APPROVED $25,000 to $10,000,000+**

### CAPITALFUNDSNETWORK

-A Tennessee Company-
**OVER 7 YEARS OF LENDING EXPERIENCE**
**No Personal Credit or Collateral Required**

### BUSINESS LOANS

| | |
|---|---|
| Loan Size | $25,000 - $10,000,000+ |
| Payback Time | 3 – 60 months |
| Interest Rate | 7% to 14% on average |
| Repayment | Fixed Monthly Payment |
| Funding Timeline | Approval in hours; Funding in 24 hours |
| Additional Funds | With current business loan or advance |
| Refinance | Replace high interest loan or advance |
| Features | Same Day Funding, Beat ANY Offer Guarantee |
| Referrals | Satisfied Customer Referrals Available |

| | |
|---|---|
| CALL NOW TO SPEAK WITH AL PETERS | 1-866-767-4447 |

Apply online at www.cfncash.com

Recently Funded Businesses (As of Friday, July 17, 2015):

| Amount | Industry | Location | Reason | Payback | Rate |
|---|---|---|---|---|---|
| $150,000 | Restaurant | NY | Working Cap | 24 months | 14% |
| $50,000 | Transport | CA | Cash Flow | 12 months | 7% |
| $1,000,000 | Construction | MS | Refinance | 36 months | 13% |
| $75,000 | Medical | TN | Add Funds | 60 months | 8% |
| $250,000 | Retail | TX | Inventory | 48 months | 11% |

Apply today and receive funds by *Friday, July 24, 2015!*

Apply online at www.cfncash.com

The recipient is entitled to request that the sender not send any future unsolicited fax advertisements to its telephone fax machine.
Failure to comply within 30 days from the date the request is made is unlawful.
To opt-out, please call 855-595-3762.

13. The Fax advertises the commercial availability and quality of Defendant CFN's goods and

services, and was sent to Plaintiff without its prior express invitation or permission.

14. Upon information and belief, Defendant CFN is not only the sender of the Fax, but also substantially similar faxes (collectively, "the Faxes") sent to numerous other recipients throughout the United States without their prior express invitation or permission.

15. The Faxes fail to comply with the Act's opt-out notice requirements set forth in 47 C.F.R. § 64.1200(a)(4)(iii).

## Class Allegations

16. In accordance with Rule 23(b)(l)-(3) of the Federal Rules of Civil Procedure, Plaintiff brings this class action on behalf of the following class of persons:

> All persons in the United States who (1) on or after four years prior to the filing of this action, (2) were sent a fax advertisement by or on behalf of Defendant CFN, (3)(i) from whom Defendant CFN did not obtain prior express invitation or permission to send those faxes, and/or (ii) whose faxes did not contain an opt-out notice compliant with the Act ("the Class").

17. Excluded from the Class is Defendant CFN, its affiliates, personnel, agents and members of the Judiciary. Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

18. **Class Size (Fed. R. Civ. P. 23(a)(1))**: Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons in the Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members may be in the hundreds, if not thousands.

19. **Commonality (Fed. R. Civ. P. 23(a)(2))**: There are common questions of law and fact in the claims of all class members, including:

   a) The identity, manner and method of the sender of the Faxes;

   b) Whether the Faxes advertise the commercial availability of property, goods, or services;

   c) The manner and method used to compile or obtain the list of numbers to which the

5

HERNANDEZ LEE MARTINEZ, LLC
255 ARAGON AVENUE, SUITE 300, CORAL GABLES, FLORIDA 33134 – TEL: (305) 842-2100 – FAX: (305) 842-2105

Faxes were sent;

d) Whether the Faxes were sent without the Class members' prior express invitation or permission;

e) Whether the Faxes contain an opt-out notice that complies with the Act;

f) Whether the Faxes were sent willfully;

g) Whether the Faxes were sent knowingly;

h) Whether the sending of the Faxes involved intentional misconduct;

i) Whether the sending of the Faxes involved gross negligence;

j) Whether an injunction prohibiting the sending of unsolicited fax advertisements should issue;

k) Whether Plaintiff and the other Class members are entitled to statutory damages;

l) Whether statutory damages should be trebled; and/or,

m) Whether Plaintiff and the other Class members are entitled to common law damages, including punitive damages.

20. **Typicality (Fed. R. Civ. P. 23(a)(3))**: Plaintiff's claims are typical of the claims of all class members. Plaintiff received the Fax during the class period. Plaintiff asserts the same statutory and common law claims, and seeks the same relief, for itself and all Class members against the same Defendants, who acted identically or in a similar manner with respect to the Plaintiff and all Class members.

21. **Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4))**: Plaintiff will fairly and adequately represent and protect the interests of the Class. It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the Class.

22. **Need for Consistent Standards and Practical Effect of Adjudication (Fed. R. Civ. P. 23(b)(1))**: Class certification is appropriate because the prosecution of individual

actions by class members would: (i) create the risk of inconsistent or varying adjudications that could establish incompatible standards of conduct for Defendants, and/or (ii) as a practical matter, adjudication of individual members' claims would be dispositive of the interests of other members who are not parties to the individual adjudications.

23. **Common Conduct (Fed. R. Civ. P. 23(b)(2))**: Class certification is also appropriate because Defendants have acted and/or refused to act in the same or similar manner with respect to all class members, thereby making injunctive and declaratory relief appropriate.

24. **Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))**: Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

   a) Proof of Plaintiff's claim will also prove the claims of the Class without the need for separate or individualized proceedings;

   b) Evidence regarding defenses or any exceptions to liability that Defendants may assert and prove will come from the Defendants' records and will not require individualized or separate inquiries or proceedings;

   c) Defendants have acted and are continuing to act pursuant to common practices in the same or similar manner with respect to all class members;

   d) The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proof; and/or,

   e) This case is inherently manageable as a class action in that:

      i. It is believed that records in Defendants' possession, custody and/or control will enable Plaintiff to readily identify class members and establish liability and

7

   damages;

ii. Liability and damages can be established for Plaintiff and the Class with the same common proof;

iii. Statutory damages are provided in the Act, are the same for all class members, and can be calculated in the same or a similar manner;

iv. A class action will result in an orderly and expeditious administration of claims, and will foster economy of time, effort and expense;

v. A class action will contribute to uniformity of adjudications concerning Defendants' practices; and/or,

vi. As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

## COUNT I
## VIOLATION OF THE ACT

25. Plaintiff incorporates the averments in paragraphs 1-24 herein.

26. Defendant CFN is the sender of the Faxes to Plaintiff and the Class members, and Defendants John Does 1-5 directly participated in and/or authorized sending the Faxes

27. The Faxes are unsolicited advertisements under the Act, and fail to comply with the Act's opt-out notice requirements.

28. Defendants' conduct damaged Plaintiff and the Class members.

29. Upon information and belief, Defendants' violation of the Act has been willful and knowing, is continuing in nature, and will continue absent judicial relief.

8

**HERNANDEZ LEE MARTINEZ, LLC**
255 ARAGON AVENUE, SUITE 300, CORAL GABLES, FLORIDA 33134 – TEL: (305) 842-2100 – FAX: (305) 842-2105

## COUNT II
## CONVERSION

30. Plaintiff incorporates the averments in paragraphs 6-14, 16(1)-(3)(i), and 17-24 herein.

31. Defendant CFN (and/or others acting on its behalf) sent the Faxes to Plaintiff and the Class members with the direct participation and/or authorization of Defendants John Does 1-5, thereby wrongfully and intentionally exercising dominion over—and interfering with Plaintiff and the Class members' rightful possession and use of—their fax receiving equipment and supplies, resulting in damage to Plaintiff and the Class members.

## COUNT III
## TRESPASS TO CHATTELS

32. Plaintiff incorporates the averments in paragraphs 6-14, 16(1)-(3)(i), 17-24 herein.

33. Defendant CFN (and/or others acting on its behalf) sent the Faxes to Plaintiff and the Class members with the direct participation and/or authorization of Defendants John Does 1-5, thereby wrongfully and intentionally using—and interfering with Plaintiff and the Class members' rightful possession and use of—their fax receiving equipment and supplies, resulting in damage to Plaintiff and the Class members.

## COUNT IV
## NEGLIGENCE PER SE

34. Plaintiff incorporates the averments in paragraphs 1-3, 6-13, 15(1)-(3)(i), 16-23 herein.

35. Defendant CFN (and/or others acting on its behalf) sent the Faxes to Plaintiff and the Class members with the direct participation and/or authorization of Defendants John Does 1-5, in violation of the Act—a strict liability statute—thereby damaging Plaintiff and the Class members, who are among the class of persons the Act is designed to protect.

36. Otherwise, Defendant CFN (and/or others acting on its behalf) sent the Faxes to Plaintiff and the Class members with the direct participation and/or authorization of Defendants John Does 1-

5, in violation of the Act—and in breach of its established duty to take precautions to protect Plaintiff and other similarly situated—thereby proximately causing damage to Plaintiff and the Class members, who are among the class of persons the Act is intended to protect, and who suffered the type of damage the Act is designed to prevent.

### CLAIM FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment against Defendants under the Act, 28 U.S.C. § 2201-02, and the common law, as follows:

a) That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the Class and appoint Plaintiff's counsel as counsel for the Class;

b) That the Court adjudge and decree that Defendants violated the Act;

c) That the Court enjoin Defendant CFN, its affiliates, officers, agents, servants, employees, and attorneys, and all persons who are in active concert or participation with them, from additional violations of the Act;

d) That the Court award the sum of five hundred dollars ($500.00) for each violation of the Act, and that the amount be trebled upon a finding of a willful or knowing violation; and,

e) That the Court award damages, including punitive damages, pre-judgment interest, costs, and such further relief as the Court may deem just and proper.

[REMAINDER OF THE PAGE INTENTIONALLY LEFT BLANK]

**DEMAND FOR PRESERVATION OF EVIDENCE**

Defendants and/or those acting on their behalf have possession, custody or control of documents and electronically stored information sufficient to identify the Faxes, the fax numbers where the Faxes were sent, and the quantity of the Faxes. Plaintiff demands the preservation of all such documents and electronically stored information.

           **HERNANDEZ LEE MARTINEZ, LLC**
           *Counsel for Plaintiff*
           255 Aragon Avenue, Suite 300
           Coral Gables, Florida 33134
           Telephone: (305) 842-2100
           Facsimile: (305) 842-2105

           By: __/s Arturo Martinez_____
                **Eric A. Hernandez, Esq.**
                Florida Bar No. 340730
                eric@hlmlegal.com
                **Jermaine E. Lee**
                Florida Bar No. 850861
                jlee@hlmlegal.com
                **Arturo Martinez, Esq.**
                Florida Bar No. 526231
                arturo@hlmlegal.com